UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JESSE DALE HICKS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:16-CV-3752 |
| | § | |
| ROBERT GRANT, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Plaintiff Jesse Dale Hicks filed a complaint and an amended complaint[1] under 42 U.S.C. § 1983 and the Americans With Disabilities Act ("ADA") alleging violations of his constitutional and statutory rights. Defendants Robert Grant and Jacqueline Benton filed a motion to dismiss on February 6, 2017, and defendant Rachel Primrose filed a motion to dismiss on July 21, 2017. Hicks responded to both motions. For the reasons stated below, defendants' motions to dismiss are granted, and the complaint and amended complaint are dismissed with prejudice.

## I. Background

Hicks is an inmate in the Texas Department of Criminal Justice ("TDCJ"). He was designated as a security threat based on what he alleges was an erroneous conclusion that he is a member of a prison gang. Because of that classification, he is in administrative segregation.

Hicks was admitted to the Administrative Segregation Diversion Program ("ASDP"), a rehabilitative program allowing inmates to renounce their gang affiliation and to be moved from

---

[1] The Amended Complaint did not raise any new claims, but merely substituted defendant R. Primrose for a defendant erroneously named in the original complaint.

administrative segregation to general population. He was transferred to the TDCJ's Ellis Unit to participate in this program.

Hicks alleges that an unidentified TDCJ medical doctor advised TDCJ staff that Hicks could not remain at the Ellis Unit because Hicks suffers from congestive heart failure and the Ellis Unit was not equipped to provide the necessary medical care. Hicks alleges that defendants Grant and Benton removed Hicks from the ASDP, and he was placed in administrative segregation at the Polunsky Unit. He alleges that defendant Primrose acquiesced in the alleged ongoing violations of his rights, apparently by refusing to take action to return him to the ASDP. Hicks contends that these actions violated his rights under the ADA and the United States Constitution.[2]

## II.   Analysis

### A.   Standard of Review

In reviewing a motion to dismiss under rule 12(b)(6), the complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir.1986). The standard of review under rule 12(b)(6) has been summarized as follows: "The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 601 (1969).

---

[2]  Hicks does not identify a specific constitutional right that he believes the defendants violated. Presumably, he asserts his rights under the Eighth and Fourteenth Amendments.

B. **Exhaustion of Remedies**

Before bringing a federal lawsuit challenging prison conditions, a prisoner must first exhaust available administrative remedies. 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199 (2007).

> The Texas prison system has developed a two-step formal grievance process. The Step 1 grievance, which must be filed within fifteen days of the complained-of incident, is handled within the prisoner's facility. After an adverse decision at Step 1, the prisoner has ten days to file a Step 2 grievance, which is handled at the state level. This court has previously held that a prisoner must pursue a grievance through both steps for it to be considered exhausted.

*Johnson v. Johnson,* 385 F.3d 503, 515 (5th Cir., 2004).

Defendants argues that Hicks' grievance does not identify any of them. Hicks responds that his grievance is sufficient because it complains about his removal from the ASDP, and about his return to administrative segregation.[3]

Grant and Benton note that any actions they took were in response to orders from TDCJ medical personnel. Nothing in Hicks' Step 1 grievance suggests that the defendants violated Hicks' rights. His only specific complaints concern "the [medical] provider on Ellis Unit," and the State Classification Committee. *Id.* Hicks points to no grievance concerning Primrose.

The Fifth Circuit has explained that a grievance must give prison administrators enough information to address the complaint.

> [A]s a practical matter, the amount of information necessary will likely depend to some degree on the type of problem about which the inmate is complaining. If an inmate claims that a guard acted improperly, we can assume that the administrators responding to the grievance would want to know—and a prisoner could ordinarily be expected to provide—details regarding who was

---

[3] The grievance is attached to the Complaint.

> involved and when the incident occurred, or at least other available information about the incident that would permit an investigation of the matter.

*Johnson*, 385 F.3d at 517.

Hicks' grievance complained only about the actions taken by the medical provider and the classification committee. Nothing in the grievance gives administrators notice of any alleged wrongdoing by any of the defendants.

Because Hicks did not properly pursue the grievance process with regard to the defendants, he has failed to properly exhaust his available administrative remedies. Therefore, this case must be dismissed. 42 U.S.C. § 1997e(a).

**C.     Conclusion**

For the foregoing reasons, the defendants' motions to dismiss are granted.

**III.    Order**

It is ORDERED that:

1.     The motions to dismiss (Doc. # 16 and 36) are GRANTED; and

2.      The Complaint (Doc. # 1) and Amended Complaint (Doc. # 27) are DISMISSED WITH PREJUDICE.

SIGNED on this 18th day of September, 2017.

_____
Kenneth M. Hoyt
United States District Judge